IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARC COHODES, an individual<br><br>Plaintiff,<br><br>v.<br><br>PARKER PETIT, an individual; and SPRINGDALE PUBLISHERS, LLC, a limited liability company,<br><br>Defendants. | Case No. 1:24-cv-04126-SEG<br><br>Judge Sara E. Geraghty |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**I.  Description of Case**

  **a.  Nature of the Action**

This is an action for defamation and false light invasion of privacy.

  **b.  Factual Summary**

In June 2024, defendants Parker Petit and Springdale Publishers, LLC published the book *The Entrepreneur's Dilemma, Should I Take my Company Public?*  In the book, defendant Petit discusses his time as CEO of MiMedx Group, Inc., a publicly traded biomedical company based in Georgia.  Defendant Petit also discusses plaintiff Marc Cohodes, a stock market analyst and short seller

1

who publicly criticized MiMedx and took a short position in MiMedx stock. Plaintiff Cohodes contends that Petit makes various defamatory and false statements of fact about Cohodes in the book, which Petit denies.

### c. Legal Issues to Be Tried

- Whether defendants' statements constitute libel *per se* because the statements falsely accuse Plaintiff of committing crimes.

- Whether defendants' statements constitute libel because they tend to injure Plaintiff's reputation.

- Whether defendants made the alleged statements with knowledge that the statements were false and unsubstantiated or at least acted with reckless disregard as to the falsity of the statements.

- Whether, if none of the alleged statements are defamatory, defendants are nonetheless liable for false light invasion of privacy because the statements create the false impression that Plaintiff is an unethical and unpredictable person whose investment success relies on illegal market manipulation schemes.

- Whether defendants' statements are materially false.

- Whether defendants' statements constitute protected opinion.

- Whether plaintiff has suffered any injury as a result of defendants' statements.

- Whether defendants' statements are privileged under Georgia law because they concern a matter of public interest.

    d. **Related cases**

There are no pending related cases.

**II.   Case Complexity**

The case is complex because the factual issues are complex, extending over a period of approximately eight years, and an extended discovery period will be needed for both party and third-party discovery, including discovery under the Freedom of Information Act from the SEC and the US Attorney's Office for the Southern District of New York and the Central District of California, as well as the number of witnesses who live out of state.

**III.   Counsel**

Plaintiff designates Fred Norton as lead counsel.

    Fred Norton
    The Norton Law Firm PC
    300 Frank H. Ogawa Plaza, Ste. 450
    Oakland, CA 94612
    fnorton@nortonlaw.com
    510-906-4901

Defendants designate Cameron Stracher as lead counsel.

    Cameron Stracher
    Cameron Stracher, PLLC
    1133 Broadway, Suite 516
    New York, NY 10010

3

cam@stracherlaw.com
646-992-3850

## IV. Jurisdiction

Defendants do not contest jurisdiction.

## V. Parties to This Action

All necessary parties have been joined in the action. No parties have been improperly joined. The names of the parties have been accurately stated.

The parties acknowledge their continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## VI. Amendment to the Pleadings

Plaintiff Cohodes does not currently anticipate further amending his complaint. Plaintiff reserves the right to seek to amend his complaint should circumstances warrant.

## VII. Motions

At this early stage of litigation, the parties are unable to assess which motions they may bring.

## VIII. Initial Disclosures

The parties agree that initial disclosures are appropriate and propose exchanging the disclosures within 30 days after filing this joint report.

## IX. Request for Scheduling Conference

The parties do not request a scheduling conference at this time.

## X. Discovery Period

Although this case has been placed on a four-month discovery track, the parties respectfully request that it be placed on at least an eight-month discovery track. Additional time is needed because (1) the facts underlying the case are complex, spanning a period of at least eight years, and (2) discovery will likely involve several third parties and government entities. Subjects of discovery include but are not limited to:

- The underlying truth of the allegedly defamatory statements;

- The information and sources relied upon by defendants in making the alleged defamatory statements;

- The criminal prosecution of defendant Petit for securities fraud in the Southern District of New York;

- Defendants' book sales and distribution channels;

- Defendants' formal and informal marketing efforts for the book;

- Defendants' communications with third parties about the book and its contents;

- Defendants' drafting, editing, and review of the book, including identifying

individuals with whom defendants consulted in preparing the book for publication;

- Defendants' solicitation of information about Plaintiff from third parties;
- Plaintiff's reputation;
- Plaintiff's damages;
- Plaintiff's communications with MiMedx employees;
- Other litigation in which Plaintiff is involved;
- Investigations of Plaintiff's short-selling activities undertaken by the SEC and several US Attorneys' offices.

## XI.   Limitation and Discovery of Electronically Stored Information

On privilege logs, the parties have agreed that communications between the parties and their respective attorneys that post-date the filing of the complaint in this matter do not need to be logged.

The parties will seek discovery of ESI. Plaintiff has requested that ESI productions include load files (e.g., .txt or .csv), PDFs, and natives, as appropriate. Defendants agreed to this request. The parties intend to stipulate to an ESI protocol.

The parties have agreed to meet and confer after discovery has been propounded to discuss custodians and search terms.

## XII.  Other Orders

6

The parties will negotiate a stipulated protective order for approval by the Court.

### XIII.  Settlement Potential

Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on Tuesday, February 18, 2025 and that they participated in settlement discussions during that conference.  Other participants for Plaintiff included attorneys Leah Judge and Gil Walton.  There were no other participants for Defendants.

All parties were promptly informed of all offers of settlement and following discussion by all counsel.  It does not appear that there is a possibility of settlement before discovery.

Counsel may hold additional settlement discussions before the close of discovery, but no date has yet been set.

Settlement discussions are in their infancy.  Currently, there are no specific problems that have created a hindrance to the settlement of this case.

### XIV.  Trial by Magistrate Judge

The parties do not consent to having this case tried before a magistrate judge.

Date: March 7, 2025                                    Respectfully submitted,


                                                       */s/ Fred Norton*
                                                       Jason Marcus
                                                       Georgia Bar No. 949698
                                                       **Bracker & Marcus LLC**
                                                       3355 Lenox Road, Suite 600
                                                       Atlanta, GA 30326
                                                       Telephone: 770-988-5035
                                                       Facsimile: 678-648-5544
                                                       jason@fcacounsel.com

                                                       Fred Norton (admitted *pro hac vice*)
                                                       California Bar No. 224725
                                                       Leah Judge (admitted *pro hac vice*)
                                                       California Bar No. 302406
                                                       **THE NORTON LAW FIRM**
                                                       300 Frank H. Ogawa Plaza, Ste 450
                                                       Oakland, CA 94612
                                                       Tel: 510-906-4900
                                                       Fax: 510-906-4910
                                                       fnorton@nortonlaw.com
                                                       ljudge@nortonlaw.com

                                                       *Counsel for Plaintiff*



                                                       */s/ Cameron Stracher*
                                                       Cynthia Counts
                                                       Georgia Bar No. 190280
                                                       **FISHER BROYLES LLP**
                                                       3340 Peachtree Road NE
                                                       Suite 1800
                                                       Atlanta, GA 30326
                                                       Telephone: 404-550-6233

Cynthia.counts@fisherbroyles.com

Cameron Stracher
(admitted *pro hac vice*)
Sara Tesoriero
(admitted *pro hac vice*)
**CAMERON STRACHER, PLLC**
51 Astor Place, 9th Floor
New York, NY 10003
Tel: 646-992-3850
Fax: 646-992-4241
cam@stracherlaw.com
sara@stracherlaw.com

*Counsel for Defendants*